IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MURPHY OIL USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-03-0042-C |
| | ) |
| TRIVENTAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Based on the Tenth Circuit's announcement of a decision on appeal in this case, Defendant Trivental, Inc., filed a Bill of Costs on March 12, 2006, to recover appeal-related costs taxable in the district court. Plaintiff Murphy Oil USA, Inc., objected and supplemented those objections, and Trivental replied. A hearing was held before the Court Clerk on April 13. However, uncertainty as to whether Trivental is entitled to recover costs necessitated a motion to retax costs, which is presently before the Court. Murphy Oil has, again, objected.

BACKGROUND

In February, the Tenth Circuit affirmed the judgment of this Court in part and reversed in part, and remanded the case for further proceedings. In its mandate, the Circuit reversed the Court's rulings with respect to two of Trivental's breach of contract counterclaims, Murphy's breach of contract claim, Murphy's breach of fiduciary duty claim, and the award of Murphy's attorney fees and pre-judgment interest. (Dkt. No. 183). The mandate was silent with respect to costs. A supplemental mandate, denying motions for appeal-related

attorney fees and to include post-judgment interest, provided that "[t]o the extent either party seeks assessment of costs under Fed. R. App. P. 39, the request is also denied. Each party shall bear its own costs." (Dkt. No. 195.)

## DISCUSSION

Trivental bases its motion to retax costs on Federal Rule of Civil Procedure 54(d)(1), which permits a court, upon a timely motion, to review the action of the clerk. In this instance, the Court Clerk declined to award costs because of a disagreement about whether Trivental was legally entitled to recover those costs. The Court understands Trivental's motion to make two basic arguments: (1) it prevailed on its appeal because "[o]nly one of [its] appeal issues was not reversed on appeal. All other appeal points were ruled on in [its] favor" (Dkt. No. 193, Def.'s Mot. to Retax Costs at 5); and (2) Federal Rule of Appellate Procedure 39(e) is independent of subsection (a) and does not depend on any directive from the Circuit.

As an initial matter, the Court rejects Trivental's assessment of the relationship between subsections (a) and (e) of Federal Rule of Appellate Procedure 39. In general, certain costs of appeal are taxable in the appellate court while others are taxable only in the district court. Fed. R. App. P. 39(d) & (e); 16A Charles Alan Wright et al., Federal Practice and Procedure § 3985.1 (3ed. 1999). Subsection (a) provides that unless the law or the court orders otherwise, costs are taxed against the appellee if a judgement is reversed and "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a) (3) & (4). The context and language used make

clear that "the court" is the circuit court. Subsection (c) specifies the procedure for seeking and recovering costs at the circuit court. Subsection (e) identifies specific "costs on appeal [that] are taxable in the district court for the benefit of the party entitled to costs under this rule." These costs "are made taxable in the district court for general convenience." Fed. R. App. P. 39 advisory committee's note. Thus, the district court's authority to tax costs of an appeal is limited.

Trivental's characterization of itself as the prevailing party on appeal is unhelpful. In determining whether a party may recover appeal-related costs pursuant to Federal Rule of Appellate Procedure 39(e), the Court considers not only the Circuit's closing words but the body of the mandate. See Rio Props., Inc. v. Stewart Annoyances, Ltd., No. CV-S-010459LRHPAL, 2004 WL 2984292, at *2-3 (D. Nev. Dec. 21, 2004) (recommending substantive examination of appellate opinion in order to determine whether it reverses or affirms a district court order). The Tenth Circuit specifically stated that its affirmance and reversal of the Court's judgment was "in part." That statement aptly summarizes the Circuit's decision on appeal. Trivental recognizes as much, but suggests that the Court should import the notion of "prevailing party" from Federal Rule of Civil Procedure 54(d)(1), rather than relying on subsection (a), to determine whether Trivental may recover costs under subsection (e). The text of subsection (e) forecloses that possibility; it provides for certain costs on appeal to be taxed in the district court for the party "entitled to costs under *this* rule." Fed. R. App. P. 39(e) (emphasis added); see also Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987) (holding that district court's discretion under Federal Rule of Civil

Procedure 54(d) to tax expert witness expenses as costs is limited by statutes specifying taxable costs and amount of attendance fee). Thus, the Court must rely on subsection (a) and, consequently, finds that (a)(4) applies because its judgment was affirmed in part and reversed in part.[*]

Having determined that subsection (a) applies, the Court must decide whether costs of appeal taxable in the district court may be awarded, pursuant to subsection (e), when a judgment is affirmed in part and reversed in part *and* the Circuit's mandate is silent with respect to costs. The Tenth Circuit does not appear to have spoken on this issue. However, the Court concludes, based on the text of the rule and persuasive authority, that under these circumstances, a district court does not have the authority to award costs identified in subsection (e). Subsection (a)(4) states that when a judgment is affirmed or reversed in part, costs are taxed "only as the court orders." The Eleventh Circuit has explained:

> Rule 39(a) leaves the imposition of costs to the discretion of the appellate court where the lower court judgment is affirmed in part, reversed in part or vacated. In exercising this discretion, a court must provide a specific directive. The phrase "only as ordered by the court" does not provide the parties with a[n] unfettered right to all costs incurred on appeal. Rather, in cases where this court's determination does not produce closure, we must determine the relief

---

[*] Trivental considers Rawson v. Sears, Roebuck & Co., 678 F. Supp. 820 (D. Colo. 1988), particularly valuable on the issue of which court, the circuit or district, determines who the prevailing party is for purposes of awarding Rule 39(e) costs. (See Def.'s Mot. at 3-4.) In Rawson, judgment in favor of a pro se plaintiff in an employment discrimination suit was reversed on appeal. However, the district court rejected the argument that an award of costs was mandatory under Rule 39. The district court noted that different procedures applied in the federal appellate and district courts and that subsection (e) costs are "not costs of appeal included in the mandate of the court of appeals; they are taxed in the district court because they are incurred at its level." Id. at 822. As explained more fully above, this Court does not agree with that conclusion or analysis, but in any event, the Rawson decision is not binding.

>   to which the parties are entitled.  Where this court's order fails to explicitly grant a class of costs, we must interpret that silence as a rejection of those costs.

Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328, 1340 (11th Cir. 1997); see also Conway Groves, Inc. v. Coopers & Lybrand, 158 F.R.D. 505, 506-07 (M.D. Fla. 1994) (explaining that Rule 39 gave the appellate court discretion to allocate appeal costs and that its failure to mention costs taxable in the district court meant that the district court should not expand the mandate).

Moreover, unlike other courts that have considered the matter, the Court does not recognize any discretion disclosed by Rule 39 to award costs, when a judgment is partially reversed or affirmed, absent a directive from the circuit.  Cf. Certain Underwriters at Lloyds, London v. Oryx Energy Co., 25 F. Supp. 2d 769, 770 (S.D. Tex. 1998) (recognizing district court's discretion whether to award costs of appeal *only* when Fifth Circuit's judgment was not a complete reversal and there was no specific order that costs on appeal were taxable to one party); Wal-Mart Stores, Inc. v. Crist, 123 F.R.D. 590, 593 (W.D. Ark. 1988) (explaining that the last clause of Rule 39(a) creates "a presumption against recovery, or, at least, it gives the court considerable discretion").  However, if the Court did have discretion to award costs, it would not do so in this case.  Like the case itself, the appeal was complicated and involved a number of interrelated issues raised by both parties.  Although Trivental achieved its desired outcome on some of those issues, it was only partially successful.

CONCLUSION

Accordingly, Trivental Inc.'s Motion to Retax Costs (Dkt. No. 193) is DENIED.

IT IS SO ORDERED this 10th day of August, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge